**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JACKIE W. LOUGHRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-06-0945-F |
| ) | |
| MARK MCCAIN, in his individual ) | |
| capacity, and THE CITY OF NORMAN ) | |
| ex rel. NORMAN POLICE DEPT., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Four motions are before the court, only three of which are separately docketed. The first two motions are "Defendant City of Norman's Partial Motion to Dismiss Plaintiff's Amended Complaint," filed October 10, 2006 (doc. no. 12); and "Defendant Mark McCain's Motion for Summary [Judgment]," filed October 10, 2006 (doc. no. 14). Part III of this order addresses the City's motion, and Part IV addresses defendant McCain's motion along with plaintiff's motion under Rule 56(f), Fed. R. Civ. P. Plaintiff's Rule 56(f) motion is embedded within plaintiff's response to defendant McCain's motion and, therefore, is not separately docketed as a motion. Part III also addresses defendant McCain's recent "Motion for Leave to File a Supplement." (Doc. no. 25.) Other than this last motion to file a supplement, all motions have been responded to. The motion to file a supplement states that plaintiff objects, and the court finds that it is not necessary to receive a response from the plaintiff in order to rule on that motion. Accordingly, all four motions are ready for determination.

## II. Background[1]

This action arises out of allegations that defendants, the City of Norman and Norman police officer Mark McCain, wrongfully arrested and then detained and held in jail from December 30, 2004 until January 7, 2005, the plaintiff, Mr. Jackie W. Loughridge. Plaintiff alleges this was an unreasonably prolonged period of time. During this time, plaintiff further alleges that he was not charged with any crime and that he was not brought before a judge, court or magistrate. This action alleges federal claims under 42 U.S.C. § 1983 for violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Alternatively, the action alleges state law claims for negligent arrest and confinement for an unreasonable amount of time. Officer McCain is sued in his individual capacity only.

Defendants agree that plaintiff was arrested by Norman police officer Mark McCain. They allege that Mr. McCain was called to the scene to investigate a "911" call made from that location by a 12-year-old juvenile female. They allege that the female juvenile stated that she and her 12-year-old brother were home alone, and that plaintiff did not have custody of her brother but that plaintiff was attempting to gain entry into the residence.

Defendants allege that Officer McCain discovered that information entered into the National Crime Information Center Index of Criminal Justice Information showed that plaintiff had an outstanding arrest warrant issued by the district court of Anderson County, Texas, and that Anderson County would extradite plaintiff. Defendants allege that Officer McCain arrested plaintiff pursuant to the Anderson County warrant and extradition request, and that Officer McCain transported plaintiff to the Cleveland County Detention Center where he relinquished him to the custody of the Cleveland

---

[1] The facts stated in this section are not intended as fact-findings. They are stated merely to provide context.

County Sheriff. Defendants contend that on January 7, 2005, the Anderson County Sheriff's Department informed the Cleveland County Detention Center that the warrant issued for plaintiff's arrest was not valid, was erroneously issued, and that plaintiff should be released as soon as possible. Defendants contend that shortly after receiving this information, the Cleveland County Sheriff's Department released plaintiff.

### III. City of Norman's Partial Motion to Dismiss

The City moves under Rule 12(b)(6) to dismiss plaintiff's negligence claim against the City and to dismiss plaintiff's claim for punitive damages against the City. The standard for evaluating a motion to dismiss under Rule 12(b)(6) is well established. Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The court must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading, so as to do substantial justice. United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980). A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### A. State Law Negligence Claim Alleged Against the City

The City's first argument is that Oklahoma does not recognize a claim for negligent arrest and detention. The City argues that the negligence claim against the City should be dismissed because "[t]he conduct that constitutes the City's alleged negligence is the exact same conduct which constitutes Plaintiff's alleged false arrest and detention claims." (City's moving brief, p. 3.) Citing Halliburton-Abbott Co. v. Hodge, 44 P.2d 122 (Okla. 1935), the City argues that "Oklahoma cases regarding

negligence are not applicable to false arrest and detention cases" so that "[p]laintiff's state law claim for negligent arrest and detention does not state a separate cause of action under the present facts." (City's moving brief, p.4.)

Plaintiff responds that Halliburton-Abbott does not stand for any proposition which would require dismissal of plaintiff's negligence claim. The court agrees. Halliburton-Abbott simply states that negligence cases involving personal physical injuries are not applicable to false imprisonment cases because it is not necessary to prove a physical injury in addition to mental suffering, in order to recover for false arrest or false imprisonment in Oklahoma. *Id*. at 127. That proposition does not mean that negligence standards have nothing to do with false imprisonment or that lawsuits which allege negligence and false imprisonment are somehow redundant. To the contrary, in Salazar v. City of Oklahoma City, 976 P.2d 1056, 1068 (Okla. 1999), the Oklahoma Supreme Court upheld a cause of action referred to in that decision as a "Negligence Claim for Overlong Detention." Even if these *were* separate theories of recovery, a plaintiff is entitled to allege alternative theories of liability arising out of the same facts. Finally, as already stated, pleadings must be interpreted liberally at this stage.

The court finds and concludes that the City's motion to dismiss plaintiff's negligence claims should be denied.

### B. Punitive Damages Claims Against the City

The City also argues that it is immune from punitive damages, and plaintiff's response brief expressly confesses this argument. The court finds and concludes that the City's motion to dismiss plaintiff's claims for punitive damages against the City should be granted as confessed.

### IV. Defendant McCain's Motion to Dismiss
### A. On Grounds of Qualified Immunity
### (Including Treatment of Plaintiff's Rule 56(f) Motion).

In response to defendant McCain's motion for summary judgment on grounds of qualified immunity, plaintiff argues: that evidence concerning what information was available to Officer McCain and the reasonableness of his reliance on such information, is information entirely within the control of Officer McCain or the City; that "because McCain filed his motion for summary judgment before this case is at issue,[2] plaintiff has not had time to conduct a discovery conference with McCain's counsel, and therefore no discovery can be obtained by plaintiff from any source pursuant to Rule 26(d) of the Federal Rules of Civil Procedure" (response brief, pp. 1-2); and that for these reasons plaintiff should be entitled to a court-ordered delay under Rule 56(f) before he is required to respond to Officer McCain's motion for summary judgment.

Rule 56(f) allows the court to order a continuance so that affidavits may be obtained or depositions taken, if it appears from the affidavits of the party opposing the motion that the party cannot for reasons stated, present by affidavit facts essential to justify the party's opposition to the motion. A party invoking Rule 56(f) must identify the probable facts not available and what steps have been taken to obtain those facts. Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992). Here, plaintiff has done neither.

Additionally, defendant McCain's reply to plaintiff's response brief argues that as a member of the public, plaintiff is entitled under the Oklahoma Open Records Act to a copy of each of the documents submitted in support of defendant McCain's

---

[2]This assertion is incorrect; the case became at issue when the answer was filed.

motion for summary judgment.  Officer McCain's response brief also attaches the affidavit of Lance Terry, the Communications Manager for the City of Norman's Police Department, explaining abbreviations used in the public documents attached to the motion for summary judgment.

Although plaintiff filed a sur-reply brief which could have responded to these arguments, plaintiff's sur-reply brief did not contest the availability of any of the information relied upon by defendant McCain in support of his motion.  Plaintiff's sur-reply also did not describe any steps taken by plaintiff to obtain the discovery which he says he has been unable to obtain.  Finally, the protection afforded by Rule 56(f) is an alternative to a response in opposition to a motion for summary judgment. Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir. 1986). But plaintiff did not interpose his motion in lieu of a response to defendant's motion, rather, he improperly embedded his motion in his response to defendant's motion.

The court finds and concludes that plaintiff's Rule 56(f) affidavit fails to meet the requirements of Rule 56(f), and that there are no other considerations which make it unfair in these circumstances to hold plaintiff to his response date.  Accordingly, plaintiff's Rule 56(f) motion should be denied.

Despite this conclusion, the court declines to now decide Officer McCain's qualified immunity defense.  It declines to reach the qualified immunity issue on the record now before it  because there are problems with the motion[3] and with plaintiff's

---

[3]Defendant repeatedly cites his answer in support of his statement of undisputed facts, along with police reports and other public documents.  Any new matters alleged in the answer are deemed automatically controverted or avoided.  Rule 8 (d), Fed.R.Civ.P.  Thus, facts alleged in support of Officer McCain's affirmative defenses are not uncontroverted facts which can be offered in support of summary judgment unless those facts are otherwise established as uncontroverted, for example, by an uncontroverted affidavit made by a person with first-hand knowledge.  Given the potentially dispositive nature of proceedings under Rule 56, this is no mere technicality.  While defendant has submitted police reports and other similar public documents which may, if properly authenticated,
(continued...)

response to the motion[4] which make it inappropriate to determine the motion on these briefs and on the record as it now stands. The court concludes that the qualified immunity aspect of defendant McCain's motion would be better decided based on new briefs which include a more complete evidentiary record. Accordingly, to the extent that Officer McCain's motion seeks summary judgment based on qualified immunity, the motion will be stricken without prejudice to re-filing. If defendant McCain wishes to re-urge only the qualified immunity aspect of his motion for summary judgment, with proper evidentiary support, then he may do so, either now or at a later date.[5] If

---

[3](...continued)
provide evidence that certain events were reported at certain times or that certain events reportedly occurred at certain times, those documents are not necessarily admissible for the truth of all matters asserted in them. For example, McCain undisputed fact no. 3 states that when Officer McCain arrived at the scene he discovered that information entered into the NCIC index showed plaintiff had an outstanding arrest warrant. His brief cites Ex. 2 at affirmative defense ¶ B and Exhibit B in support of this statement. Affirmative defense ¶ B is deemed controverted. And the documents cited as a part of the answer and as Exhibit B, only document how the incident report was written up and not necessarily when or how Officer McCain "discovered" the outstanding arrest warrant. Given the gravity of the qualified immunity defense and the ease with which the problems could presumably be cured, the court feels compelled to require a cleaner evidentiary record before deciding the qualified immunity issue. The problems with the record could, for example, be cured with something as simple as an affidavit by Officer McCain testifying to the truthfulness of the facts upon which he relies to establish qualified immunity, based on his own first-hand knowledge, if that is an affidavit he can truthfully make. Another concern is that some documents cited in support of defendant McCain's statement of uncontroverted facts appear to be incorrectly referenced, creating confusion for this court and any reviewing court. For example, Exhibit B in the preceding example is referenced in the motion with an exhibit letter but, as best the court can tell, it is a document which is attached to the answer and to the motion with an exhibit number.

[4]Presumably relying on his ineffective Rule 56(f) motion, plaintiff has not stated whether he controverts or does not controvert each of defendant's proposed undisputed facts. Rather than simply deem those facts undisputed, the court believes that it would be helpful to have an explicit statement from plaintiff as to whether or not he disputes these facts.

[5]Defendant is reminded that he is allowed only one motion for summary judgment in this action as a matter of course. LCvR56.1(a) (absent leave of court, a party may file only one motion for summary judgment). If defendant wishes to reserve his qualified immunity argument for a later stage when the evidentiary record is more developed, he is hereby given leave to do so. That is to say, to the extent that a later motion for summary judgment raises defendant McCain's qualified
(continued...)

and when that event occurs, defendant McCain may then include the additional arguments which he has recently asked the court to allow him to file as a supplement. (Doc. no. 25.) This ruling renders defendant McCain's motion for leave to file a supplement moot, and that motion will be stricken on that basis.

### B. Defendant McCain's Request for Summary Judgment On Grounds that Plaintiff's Briefing Indicates that Defendant McCain Is Sued under § 1983 for a Violation of an Oklahoma Statute

Proposition II of defendant McCain's reply brief argues that plaintiff's response brief asserts that defendant McCain is not entitled to qualified immunity because defendant McCain allegedly violated 22 O.S. § 1141.14. Defendant McCain states that this shows plaintiff is attempting to improperly assert state law claims via § 1983. Defendant is correct that plaintiff can assert only federal law claims under § 1983. Defendant is also correct that plaintiff's briefing makes it appear as if it is state law, not federal law, upon which plaintiff bases his §1983 claim. Regardless of the arguments contained in plaintiff's brief, however, the Amended Complaint itself does not appear to improperly allege any state law claims under § 1983. Rather, the Amended Complaint alleges §1983 claims for violations of the Fourth, Sixth and Fourteenth Amendments of the United States Constitution. Accordingly, the court finds that there are no § 1983 claims which should be dismissed for the reason that they are improperly based upon state law violations, and to the extent that Officer McCain's motion argues otherwise the motion will be denied.

### V. Rulings

The City of Norman's partial motion to dismiss is **DENIED** in part and **GRANTED** in part, as follows. The City's motion is **DENIED** to the extent that it

---

[5](...continued)
immunity defense as the only issue, defendant is given leave to file that motion.

requests dismissal of plaintiff's negligence claims.  The City's motion is **GRANTED** as confessed, to the extent that it requests dismissal of plaintiff's claims for punitive damages against the City.  All claims for punitive damages alleged against the City of Norman are hereby **DISMISSED** with prejudice under Rule 12(b)(6).

Defendant McCain's motion for summary judgment is **DENIED** in part.  To the extent that Officer McCain's motion argues that he is entitled to dismissal of plaintiff's § 1983 claims because they are based on alleged violations of state law, the motion is **DENIED** because the Amended Complaint does not appear to base any §1983 claims on violations of state law.  The balance of Officer McCain's motion, which argues that Officer McCain is entitled to qualified immunity, is **STRICKEN** without prejudice to re-filing now or at a later date.

Plaintiff's Rule 56(f) motion (not separately docketed) is **DENIED**.

Defendant McCain's motion for leave to file a supplement is **STRICKEN** as moot.

Dated this 29th day of November, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0945p006(pub).wpd