## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

JACKIE W. LOUGHRIDGE,          )
                               )
  Plaintiff,          )
                               )
vs.                            )    Case No. CIV-06-0945-F
                               )
CITY OF NORMAN, et al.,        )
                               )
  Defendants.          )

### ORDER

  "Defendant Mark McCain's Qualified Immunity Motion for Summary Judgment," filed March 5, 2007, is before the court.  (Doc. no. 35.)  Plaintiff Jackie W. Loughridge has responded, defendant Mark McCain has replied, and the motion is ready for determination.

### I.  Background[1]

  This action arises out of Mr. Loughridge's arrest by Mr. McCain, an officer  in the Norman police department, and out of Mr. Loughridge's subsequent detention at the Cleveland County, Oklahoma Detention Center (Cleveland County Jail).  All of the claims alleged against Mr. McCain are brought under 42 U.S.C. § 1983.[2]  The First Amended Complaint alleges violations of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.  The gist of Mr. Loughridge's

---

[1]The facts stated in this section are not intended as formal fact-findings.  They are based on the parties' theories of the case as presented in their briefing.  As noted in the text of this order, not all facts stated in this section are necessarily material to the court's determinations.  They are included only for context.

[2]The only other claim arguably alleged against Mr. McCain is a negligence claim.  If such a claim was intended, the court finds that it has either been abandoned or, alternatively, that Mr. McCain is immune from suit under the Oklahoma Governmental Tort Claims Act.  *See*, 51 O.S. §§152.1, 153B.

allegations is that he was arrested without probable cause and then turned over to the Cleveland County Jail, where he was detained for an unconstitutionally long period of time without being brought before a judicial officer for a determination of probable cause.

The context for the arrest-related claims is as follows.  The arrest occurred after Mr. McCain was dispatched to investigate a "911" call from a 12-year-old girl at a Norman, Oklahoma residence.  The girl stated that she was locked in a bathroom and that Mr. Loughridge was attempting to enter the residence.  Mr. Loughridge alleges he was at the residence to pick up his daughter.  Police documents submitted with Mr. McCain's motion state that Mr. Loughridge did not have custody of the child and that the mother was not at home.  These matters are immaterial to this action, however, because Mr. McCain does not rely on these facts to establish probable cause.  Rather, he relies on information from the National Crime Information Center (NCIC) which, at the time of the arrest, indicated that Mr. Loughridge was subject to an outstanding arrest warrant issued by Anderson County, Texas.  The Texas warrant sought the arrest of Mr. Loughridge on charges of sexual assault, stalking and two counts of burglary of a habitation.

As to the detention-related claims, it appears undisputed that Mr. Loughridge was held in the Cleveland County Jail for approximately eight days, from December 30, 2007 until January 7, 2005.  It further appears undisputed that, during his incarceration, Mr. Loughridge was not taken before a judicial official for a probable cause determination.  Although not material to this action, the warrant was recalled when an error by Anderson County officials was discovered.  Prior to the release, Anderson County officials had not been aware that Mr. Loughridge had  posted an adequate bond for the Texas charges.

## II.  Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## III.  Qualified Immunity

Mr. McCain challenges all claims alleged against him on grounds of qualified immunity. Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To prevail against a defendant who asserts a defense of qualified immunity, a plaintiff must show that (1) the official violated a constitutional or statutory right,  and (2) the constitutional or statutory right was clearly established when the alleged violation occurred.  Eaton v. Meneley, 379 F.3d 949, 954 (10th Cir. 2004).  Unless both prongs are satisfied, the

defendant will not be required to engage in expensive and time consuming preparation to defend the suit on its merits. *Id.*, citing <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991). Once a public official raises a claim of qualified immunity, the burden shifts to the plaintiff to show that the defendant is not entitled to that immunity. <u>Douglas v. Dobbs</u>, 419 F.3d 1097, 1100 (10th Cir. 2005). If the plaintiff satisfies this burden, then, in order to be entitled to summary judgment, the defendant must show that no material issues of fact remain as to whether the defendant's actions were objectively reasonable in light of the law and information the defendant possessed at the time of his actions. <u>Hollingsworth v. Hill</u>, 110 F.3d 733, 738 (10th Cir. 1997).

A.   <u>Arrest Without Probable Cause</u>

In support of his qualified immunity defense to any arrest-related claims, Mr. McCain argues that there has been no showing of any unconstitutional conduct on his part because he arrested Mr. Loughridge based on NCIC information which provided probable cause. In response, Mr. Loughridge does not argue that the fact the Texas warrant was eventually discovered to be invalid defeats probable cause at the time of the arrest. Rather, Mr. Loughridge argues that Mr. McCain did not receive the information regarding the Texas warrant prior to the time he arrested Mr. Loughridge. In other words, Mr. Loughridge contends there is a fact dispute concerning when certain information about the Texas warrant was given to Mr. McCain.

In support of his argument, Mr. Loughridge points to record documents which show that the Texas warrant was not confirmed until 6:39 p.m. (doc. no. 35, ex. 5, p. 5 of 9, section 3), approximately 4 minutes after the time of Mr. Loughridge's arrest at 6:35 p.m. The same document shows, however, that at 6:18:51 p.m., approximately 16 minutes before the arrest, that the NCIC transmitted information indicating that Mr. Loughridge was a "wanted person" on charges of sexual assault, stalking and two counts of burglary of a habitation; the county of origin was shown as "Anderson Co."

(Doc. no. 35, ex. 5, p. 5 of 9, section 4.)  Thus, no showing has been made that  Mr. McCain did not know about the Texas warrant before he made the arrest.[3]  The court presumes for purposes of this order, however, that the existence of the Texas warrant was not confirmed before the arrest, as Mr. Loughridge contends was the case.

Wysinger v. White, 1998 WL 229558 (D. Kan. 1998) involved § 1983 claims based on violations of the Fourth and Fourteenth Amendments.  In Wysinger, the arresting officer stopped the plaintiff's car after radar indicated plaintiff was speeding. Id. at *1.  The officer attempted to check the plaintiff's name in the NCIC data base, but because response was delayed, the officer allowed the plaintiff to leave after giving him the speeding citation.  Id.  A few minutes later, the NCIC check revealed an outstanding felony warrant.  Id.  After local dispatch called and confirmed the validity of the warrant, the officer apprehended plaintiff and brought plaintiff to jail where he was booked and incarcerated.  Id.  The court granted the arresting officer's motion for summary judgment, holding that the officer acted properly in arresting plaintiff pursuant to the outstanding warrant.  Id. at *2.  In doing so, the court quoted the Tenth Circuit's statement in Smyth v. City of Lakewood, 83 F.3d 433 at *4 (10th Cir. 1996)[4] that:

> An officer on the highway is entitled to rely on an accurate computer notification that there is an existing warrant for an individual's arrest. The officer is not required by the Fourth Amendment to obtain a copy of the warrant, research supporting documentation, or go behind the facial validity of a warrant before making the arrest.

---

[3]Of course, plaintiff need not actually "show" or "prove" or "establish" anything to defeat defendants' motions.  Plaintiff must merely demonstrate the existence of a genuine issue of material fact.  Although this order sometimes uses the quoted terms because they are used in the case law, the court has consistently judged plaintiff's claims by the lesser standard which is appropriate at this stage.  Goodwin v. General Motors Corporation, 275 F.3d 1005, 1011 at n.7 (10th Cir. 2002)(abrogated on other grounds.).

[4]Smyth is an unpublished decision cited pursuant to the requirements of Tenth Circuit Rule 36.3.

Wysinger at *2 quoting Smyth at *4.

Wysinger also cited Whiteley v. Warden, 401 U.S. 560, 568 (1971), in which the Supreme Court stated that "We do not, of course, question that the [police] were entitled to act on the strength of the radio bulletin." Wysinger at *2. Wysinger also cited Hill v. Bogans, 735 F.2d 391, 393 (10th Cir. 1984), in which the Tenth Circuit stated that defendant "acted reasonably in relying on routine police procedures for establishing the existence of an outstanding warrant." Wysinger at *2. See also, Miller v. City of Nichols Hills Police, 42 Fed. Appx. 212, 216 (10th Cir. 2002) (summary judgment in favor of officers upheld; police were entitled to rely on NCIC information that vehicle was stolen, although, after stopping and searching detainees, police learned information was not accurate).[5]

Pursuant to these and other legal authorities regarding the standards for probable cause, and taking all disputed facts and inferences in Mr. Loughridge's favor, the court finds that Mr. Loughridge has not identified any evidence which, at the time of the arrest, should have given Mr. McCain any reason to suspect the validity of the NCIC information regarding the outstanding Texas warrant.  In these circumstances, the court finds and concludes that, with or without confirmation, it was reasonable for Mr. McCain to rely on the NCIC information regarding the outstanding warrant.  This determination means that Mr. Loughridge has made no showing of any unconstitutional conduct by Mr. McCain with respect to the basis for Mr. Loughridge's arrest.  Thus, the first prong of the analysis which must be satisfied by Mr. Loughridge in order to defeat Mr. McCain's qualified immunity defense  has not been satisfied.

---

[5]Miller is an unpublished decision cited pursuant to the requirements of Tenth Circuit Rule 36.3.

Although the court need not reach the second prong of the qualified immunity analysis, it also finds and concludes that Mr. Loughridge's response brief has not identified any clearly established law which Mr. McCain's conduct violated.  Mr. Loughridge's response brief does not specify which of the constitutional amendments referenced in his complaint he contends the arrest violated.  Mr. Loughridge has not identified any clearly established law under which holds that an arrest in reliance on unconfirmed NCIC information is unconstitutional.  Thus, the second prong of the analysis which must be satisfied in order for Mr. Loughridge to defeat Mr. McCain's qualified immunity defense has not been satisfied.

B.  Length of Detention in Jail

With respect to Mr. Loughridge's detention-related claims, Mr. McCain argues that no constitutional violation has been shown on his part, because there is no evidence that any of his conduct caused the lengthy detention or any delay in Mr. Loughridge being presented for a probable cause hearing.  Consistent with this position, Mr. McCain argues that, as a matter of law in Oklahoma, the county sheriff, not the arresting officer, is the custodian of the jail and the party responsible for the length of time a detainee is incarcerated prior to a probable cause hearing.

Mr. McCain is correct that § 1983 liability can only be predicated on the personal participation of the defendant.  Foote v. Spiegel, 118 F.3d 1416, 1423-24 (10th Cir. 1997).  The Tenth Circuit has upheld dismissal of § 1983 claims of delay brought against arresting officers.  Strepka v. Miller, 28 Fed. Appx. 823, 828 (10th Cir. 2001).[6]  In Strepka, a detainee sued federal and local officers who arrested him, and a state judge who issued an order to detain him, alleging violation of his Fourth Amendment right to prompt judicial determination of probable cause.  The Court of

---

[6]Strepka is an unpublished decision cited pursuant to the requirements of Tenth Circuit Rule 36.3.

Appeals stated that although plaintiff had a constitutional right to a prompt judicial determination of probable cause following his warrantless arrest, and that although plaintiff's allegations, taken as true, established that he was deprived of that "right by someone," there were no allegations that any of the arresting officers caused or participated in the delay preceding the hearing. *Id.* Accordingly, the court upheld the district court's dismissal of the arresting officers on qualified immunity grounds. *Id.*

Similarly here, there is no evidence to show any involvement on Mr. McCain's part with the length of Mr. Loughridge's detention or with any delays. Moreover, it is undisputed that after arresting Mr. Loughridge, Mr. McCain transported Mr. Loughridge to the Cleveland County jail and relinquished custody of Mr. Loughridge to the Cleveland County Sheriff's Department. (Doc. no. 35, p. 3, UMF 6.)

Mr. McCain cites two Oklahoma statutes in support of his position that it is the sheriff, not the arresting officer, who is responsible for the length of an inmate's detention in Oklahoma. Mr. McCain cites 19 O.S. 2001 § 513, which provides that "The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable." Mr. McCain also cites 57 O.S. 2001, §47, which provides that: "The sheriff..shall have charge of the county jail of his county and of all persons by law confined therein, and such sheriff...is hereby required to conform, in all respects, to the rules and directions promulgated pursuant to Section 192 of Title 74 of the Oklahoma Statutes and of the district judge and communicated to him by the proper authority."[7]

Mr. McCain has also cited several cases from a variety of jurisdictions which recognize the sheriff's responsibility for length of detention prior to presentation to

---

[7]Title 74 O.S. 2001 § 192 provides that "The State Department of Health shall inspect...all city and county jails to ensure compliance with...standards...[including standards which] provide provision for...[u]niform admission and release procedures...."

a judicial officer. *See,* Luck v. Rovenstine, 168 F.3d 323, 326 (7th Cir. 1999) (fact issues existed so sheriff not entitled to summary judgment; court stated that "In the final analysis, the sheriff is the custodian of persons incarcerated in the jail, and as such, it is he who is answerable for the legality of their custody"); Lingenfelter v. Board of County Commissioners of Reno County, Kansas, 359 F. Supp. 2d 1163, 1171 (D. Kan. 2005) (discussing Luck, and rejecting motion to dismiss sheriff from §1983 claims based on long detention without judicial determination of probable cause; noting custodian has power to release arrestee if no timely probable cause finding has been made); and Wishom v. Hill, 2004 WL 303571 (D. Kan. 2004) (plaintiff was not taken before a magistrate for a probable cause determination or afforded a bail hearing while incarcerated; genuine issues of material fact precluded determination as a matter of law that sheriff did not cause a violation of plaintiff's rights; in support of conclusion that sheriff should not be dismissed from § 1983 claims based on overlong detention, court cited Kansas statutes [which are very similar to Oklahoma statutes] providing that the sheriff is responsible for the jail and its prisoners).[8]

Based on these and other authorities, and the evidentiary record in this case, the court finds and concludes there is no evidence to show that Mr. McCain had any personal involvement in the length of time Mr. Loughridge was confined in the Cleveland County Jail prior to being taken before a judicial officer. Thus, Mr. Loughridge has made no showing of any unconstitutional conduct on Mr. McCain's part with respect to any detention-related claims. This means that Mr. Loughridge has not satisfied the first prong of the analysis which must be satisfied in order to defeat Mr. McCain's qualified immunity defense.

---

[8]The court notes, but finds it immaterial, that Mr. Loughridge has sued the Sheriff of Cleveland County in state court.

With regard to the second prong of the analysis, the court again notes that Mr. Loughridge's response brief does not clearly identify which amendment of the United States Constitution he contends his detention violated.  Additionally, although Mr. Loughridge is correct that the law is clearly established which provides that a detainee is entitled to a prompt judicial determination of probable cause, that proposition misses the point.  Here, the question is not whether Mr. Loughridge had a right to prompt determination to probable cause.  The question is whether Mr. Loughridge has identified any clearly established law holding that an arresting officer acts unconstitutionally when he relinquishes custody of a detainee to a jail under the control of the county sheriff and the detainee is then held in that jail for a lengthy period before being brought before a judicial officer for a probable cause determination.  As Mr. Loughridge has not identified any such clearly established law, he has not satisfied the second prong which must be satisfied in order to defeat Mr. McCain's qualified immunity defense.

## IV.  Conclusion

Mr. McCain is entitled to summary judgment in his favor on all claims alleged against him because he is entitled to qualified immunity as a matter of law.  Accordingly, after careful study of the parties' submissions, the record and the pleadings,  Mr. McCain's motion for summary judgment is **GRANTED**.

Dated this 16th day of July, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0945p015(pub).wpd