## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JACKIE W. LOUGHRIDGE,            )
                                 )
    Plaintiff,                   )
                                 )
vs.                              )   Case No. CIV-06-0945-F
                                 )
MARK MCCAIN, et al.,             )
                                 )
    Defendants.                  )

## ORDER

"Defendant City of Norman's Motion for Summary Judgment," filed July 23, 2007, is before the court. (Doc. no. 48.) Plaintiff, Jackie W. Loughridge, has responded, the city has replied, and the motion is ready for determination.

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific

evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Although noting his disagreement with the substance of the court's earlier ruling in Officer McCain's favor, plaintiff states that "it does appear that the decision in favor of Officer McCain effectively is also a decision in favor of the City on plaintiff's §1983 claims against the City." (Response brief, doc. no. 49, p. 1.) Thus, based on the parties' briefing, it is clear there is no real dispute that the city is entitled to summary judgment on the § 1983 claims, given the court's earlier ruling granting summary judgment to defendant Officer Mark McCain. (Order, doc. no. 46.) The court concurs, and now finds and concludes that the city is entitled to summary judgment in its favor on the § 1983 claims alleged against it.

This determination leaves plaintiff's state law negligence claim against the city as the only claim remaining in this action.[1] The city urges the court to retain that claim and grant the city summary judgment on that claim, based on the findings set forth in the earlier ruling in favor of Officer McCain. Plaintiff objects, arguing that the issues presented by the constitutional and immunity issues ruled on when the court addressed Officer McCain's motion are distinct from the issues presented by the negligence claim against the city. Plaintiff urges the court to decline supplemental jurisdiction over the state law negligence claim.

As no federal claims remain, the court must determine whether to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3). Judicial economy, fairness, convenience, and comity are all considerations which guide a district court's decision regarding whether to defer to a state court or retain

---

[1] Plaintiff characterizes the remaining claim as follows. "Assuming the Court grants the City's motion with respect to plaintiff's § 1983 claims, the only claim remaining in this lawsuit is plaintiff's negligence claim against the City (plaintiff's claim for false arrest and overly long detention)." (Response brief, doc. no. 49, p. 2.)

and dispose of state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966). The Tenth Circuit has held that when federal claims are resolved before trial, the district court should usually decline to exercise jurisdiction over the remaining state law claims and allow the plaintiff to pursue them in state court. *See*, Smith v. City of Enid By and Through Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).

The court agrees with plaintiff that the issues presented by Officer McCain's motion for summary judgment on the § 1983 claim, and by the city's motion for summary judgment on the negligence claim, are distinct. The issue determined in the ruling on Officer McCain's motion was Officer McCain's entitlement to qualified immunity on the § 1983 claims. The § 1983 claims arose out of the manner in which plaintiff was treated during his arrest and detention. Although the negligence claims against the city arise out of the same alleged facts and assert "false arrest and overly long detention,"[2] the elements, standards of conduct, and standards of proof which apply at the summary judgment stage to a determination of qualified immunity, and which apply at the summary judgment stage to a determination of the viability of a negligence claim, are different.

For these reasons, considerations of fairness to the litigants, of comity, and of justice between the parties, weigh in favor of dismissing the negligence claim. Although considerations of judicial economy or convenience might arguably weigh in favor of retaining the negligence claim, such considerations are not dispositive because this case has progressed only to the dispositive motions stage,[3] and because

---

[2]This is plaintiff's characterization of his negligence claim against the city. (Response brief, doc. no. 49, p. 2.)

[3]This case was set for trial in November, 2007. Final pre-trial filings were due in October, and discovery was to remain open until mid-October.

Oklahoma's state courts are especially well suited to making determinations of Oklahoma law involving the alleged negligence of an Oklahoma municipality. In short, no circumstances have been shown here which would incline the court to disregard the usual rule and retain the negligence claim. Accordingly, in the exercise of its discretion, the court declines to exercise supplemental jurisdiction over the negligence claim alleged against the city, and plaintiff's negligence claim against the city will be dismissed on that basis.

After careful consideration of the parties' briefing, the record, and the legal authorities, the City of Norman's motion for summary judgment is **GRANTED** in part, as follows. The motion is **GRANTED** to the extent it seeks summary judgment in the city's favor on plaintiff's § 1983 claims alleged against the city. This ruling leaves plaintiff's negligence claim against the city as the sole remaining claim in this action. That negligence claim is **DISMISSED** without prejudice because the court declines to exercise supplemental jurisdiction over that state law claim. To the extent the city's motion seeks summary judgment on plaintiff's negligence claim, the motion is, therefore, **STRICKEN** as moot.

Dated this 23rd day of August, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0945p016(pub).wpd